United States District Court
Southern District of Texas
**ENTERED**
April 24, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Evatrus Derjuan Moss, § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action H-18-3468 |
| Lorie Davis, § | |
| Director, Texas Department § | |
| of Criminal Justice, Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## Memorandum and Recommendation

Evatrus Derjuan Moss has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for capital murder. (D.E. 1.) The court recommends that the petition be dismissed with prejudice as time-barred.

Moss was charged with capital murder with a deadly weapon on February 15, 1995. (D.E. 16-8 at 8.) The case was tried to a jury in the 228th Judicial District Court for Harris County, Texas. On April 24, 1995, the jury found Moss guilty. The district court entered judgment of conviction and sentenced Moss to life imprisonment in the Texas Department of Criminal Justice. (D.E. 16-16 at 67–69.)

The court of appeals affirmed the district court's judgment. *Moss v. State*, No. 11-95-097-CR (Tex. App.—Eastland April 4, 1996). The Texas Court of Criminal Appeals refused Moss's petition for discretionary review on June 26, 1996. He did not seek review in the United States Supreme Court.

Moss filed a state application for writ of habeas corpus on July 31, 2017, which the Texas Court of Criminal Appeals denied without a written order on the findings of the trial court on July 25, 2018. (D.E. 16-22.) Moss filed this federal petition for writ of habeas corpus on August 27, 2018, challenging his April 24, 1995, conviction and sentence.

AEDPA sets a one-year limitations period for federal habeas petitions. See 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Moss is subject to the AEDPA statute of limitations even though he was convicted before AEDPA's effective date. *See Carey v. Saffold*, 536 U.S. 214, 217 (2002). The statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Moss's conviction became final ninety days after the TCCA denied his petition for discretionary review, when his time for seeking direct review before the Supreme Court expired. *See Foreman v. Dretke*, 383 F.3d 336, 340 (5th Cir. 2004). That time expired on September 24, 1996. The federal statute of limitations expired one year later, on September 24, 1997.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is

2

pending tolls the one-year limitations period. Moss filed his first state habeas application in July 2017, nearly twenty years after the federal statute of limitations expired. Because Moss filed his state post-conviction petition after the time for filing a § 2254 application had lapsed, the state petition did not toll the one-year limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

No other AEDPA provision applies to extend the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

Moss argues that *Martinez v. Ryan*, 566 U.S. 1, 17–18 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013) excuse his untimeliness. These cases pertain to exhaustion and procedural default, not the statute of limitations, and are therefore irrelevant. *See, e.g.*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) (holding *Martinez* and *Trevino* do not apply to the AEDPA statute of limitations).

The court recommends that Davis's motion for summary judgment be granted and that Moss's petition for writ of habeas corpus be dismissed with prejudice.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on \_\_April 23\_\_, 2019.

_____
Peter Bray
United States Magistrate Judge